Case 4:13-cv-00957-A Document 14 Filed 02/12/14 Page 1 of 12 PageID 108

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 12 2014

CLERK, U.S. DISTRICT COURT
By _____
         Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TERRANCE WOODS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-957-A |
| | § | |
| DEPUTY CONSTABLE KEIFFER, ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

Came on for consideration the motion to dismiss filed in the above action by defendant PennyMac Loan Services, LLC ("PennyMac"). Also named as defendants are Tarrant County Deputy Constable Keiffer ("Keiffer"); attorney Lauren E. Christoffel ("Christoffel"); Barrett, Dappin, Frapier, Turner & Engel, LLC ("Barrett, Dappin"); and John Does I through III.[1] The grounds of the motion are lack of personal jurisdiction pursuant to Rule 12(b)(2), and failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6), of the Federal Rules of Civil Procedure. Plaintiff, Terrance Woods, filed a response. Having considered the parties' filings, plaintiff's original complaint,

---

[1] There is no indication in the record that any of the defendants other than PennyMac has been served with process.

and the applicable legal authorities, the court concludes that the motion should be denied as to the ground of lack of personal jurisdiction, but granted as to the complaint's failure to state a claim for which relief may be granted.

I.

<u>Plaintiff's Complaint</u>

Plaintiff's complaint makes the following factual allegations:

On November 14, 2013, Keiffer placed a red "final notice to vacate" tag ("Notice") on plaintiff's home. The Notice required plaintiff and his family to vacate the premises by December 15, 2013. On November 20, 2013, Keiffer and at least three other constables forcibly entered plaintiff's home, with guns drawn and without plaintiff's consent. The constables began to search the house, including the safe, which they forced plaintiff to open. The constables had a locksmith change the locks on the doors of plaintiff's home, and began forcibly removing plaintiff's personal belongings. Although plaintiff informed the constables that the Notice gave them until December 15, 2013, to vacate the property, the constables ignored him.

Plaintiff called the Grand Prairie police. When officers arrived, they spoke with the constables, but then left the premises, saying it was a civil matter. The constables then

demanded that plaintiff turn over the Notice. When plaintiff refused, Keiffer wrote another Notice giving plaintiff only twenty-four hours, until November 21, 2013, to vacate the property. Keiffer said he would return the next day. Plaintiff sought injunctive relief in County Court at Law No. 1 in Tarrant County and from the "Justice Court," but both courts indicated they lacked jurisdiction to hear the case.

Against PennyMac, plaintiff asserted claims and causes of action pursuant to 42 U.S.C. § 1983 for unreasonable home entry, unreasonable home search, unreasonable seizure, and excessive force, all in violation of the Fourth and Fourteenth Amendments; a claim generally stating that PennyMac, Christoffel, and Barrett, Dappin are responsible third parties pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code and are liable for the illegal eviction action of the constables; and a claim that PennyMac violated section 392.306 of the Texas Finance Code.

II.

Applicable Legal Standards and Analysis

A. Personal Jurisdiction

1. Law Applicable to Personal Jurisdiction

When a nonresident defendant challenges personal jurisdiction, the plaintiff bears the burden of proving that jurisdiction exists. Luv N' Care, Ltd. v. Insta-Mix, Inc., 438

3

F.3d 465, 469 (5th Cir. 2006). The plaintiff need not, however, prove jurisdiction by a preponderance of the evidence; a prima facie showing is sufficient. Id.

In a diversity action, a federal court may exercise personal jurisdiction over a nonresident defendant if (1) the nonresident defendant is amenable to service of process under the long-arm statute of the forum state, and (2) the exercise of personal jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment. Id. The Texas long-arm statute has been interpreted to reach as far as the federal Constitution permits. See, e.g., Kawasaki Steel Corp. v. Middleton, 699 S.W.2d 199, 200 (Tex. 1985) (per curiam). Accordingly, the court need only decide whether exercising jurisdiction over defendants in Texas is consistent with the Due Process Clause. Revell v. Lidov, 317 F.3d 467, 469-70 (5th Cir. 2002).

The exercise of jurisdiction over a nonresident defendant comports with the Due Process Clause if (1) the defendant has "minimum contacts" with the forum state, and (2) the exercise of jurisdiction over that defendant does not offend "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). To establish minimum contacts with the forum state, a defendant must do some act by which it "'purposefully avails itself of the privilege of

conducting activities within the forum state, thus invoking the benefits and protections of its laws.'" Growden v. Ed Bowlin & Assocs., Inc., 733 F.2d 1149, 1151 (5th Cir. 1984) (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)). "The defendant's conduct and connection with the forum state must be such that [it] should reasonably anticipate being haled into court in the forum state." Id. (citing World-Wide Volkswagen v. Woodson, 444 U.S. 286, 297 (1980)).

Minimum contacts may give rise to either specific or general jurisdiction. Luv N' Care, 438 F.3d at 469. Specific jurisdiction exists when a defendant "has 'purposefully directed' [its] activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (citations omitted). In some cases a single act by a defendant may be sufficient to confer personal jurisdiction if the act gives rise to the plaintiff's claims. Lewis v. Fresne, 252 F.3d 352, 358-59 (5th Cir. 2001). General jurisdiction may be exercised only if the defendant's contacts with the forum are sufficiently continuous and systematic to support the reasonable exercise of jurisdiction. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 & n.9 (1984).

Once the plaintiff proves that defendant has sufficient minimum contacts with the forum to support jurisdiction, the burden shifts to defendant to show that the exercise of jurisdiction would offend traditional notions of fair play and substantial justice. <u>Int'l Shoe Co.</u>, 326 U.S. at 316.

2. <u>Application of Law to Facts</u>

There is no doubt that the complaint fails to allege the type of continuous and systematic contacts with Texas needed to establish general jurisdiction over PennyMac. As to specific jurisdiction, although the jurisdictional facts in the complaint are virtually non-existent, plaintiff does allege that PennyMac "initiated the eviction proceedings" in Texas that culminated in the alleged illegal acts of the constables. Compl. at 10. This fact is confirmed by papers PennyMac attached to its motion to dismiss, of which it has asked the court to take judicial notice, showing that it initiated eviction proceedings against plaintiff in the Justice of the Peace court in Tarrant County. It thus appears that plaintiff's action against PennyMac is "related to, or arises out of," PennyMac's activities in Texas. <u>J.R. Stripling v. Jordan Prod. Co., LLC</u>, 234 F.3d 863, 871 (5th Cir. 2000) (quotations and citations omitted). The court is satisfied that PennyMac took some action, directed at the forum state, by which it purposefully availed itself of the privilege of

conducting business within Texas. Accordingly, the court may exercise personal jurisdiction over PennyMac.[2]

B. <u>Failure to State A Claim for Relief Under Rule 12(b)(6)</u>

1. <u>Applicable Law</u>

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. <u>Id.</u> at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679

---

[2]PennyMac did not argue that the exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice. The court concludes that it would not, especially in light of the dismissal in this memorandum opinion and order of all plaintiff's claims against PennyMac.

(2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

2. Application of Law to Facts

a. Claims Pursuant to 42 U.S.C. § 1983

To state a claim pursuant to § 1983, plaintiff "must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) that the deprivation was caused by a person or persons acting under color of state law." Bass v. Parkwood Hosp., 180 F.3d 234, 241 (5th Cir. 1999) (internal quotation marks and citation omitted). PennyMac moves for dismissal of plaintiffs' claims pursuant to 42 U.S.C. § 1983 because plaintiff failed to allege facts to show that PennyMac violated any of plaintiff's

constitutional rights, and because it is not a person acting under color of state law.

Dismissal is warranted on either of the grounds raised by PennyMac. No facts are alleged in complaint to show that PennyMac did anything that could be construed as a violation of plaintiff's constitutional rights. And it is dispositive of plaintiff's claims under § 1983 that no facts are alleged to show PennyMac is a state actor. Accordingly, all of plaintiff's claims against PennyMac pursuant to 42 U.S.C. § 1983 must be dismissed.

  b. <u>Claims Under Tex. Civ. Prac. & Rem. Code § 33.011(6)</u>

PennyMac argues that section 33.011(6) of the Texas Civil Practice & Remedies Code is inapplicable to it in this action because it is a named defendant, and also contends that the complaint fails to allege facts to show that it conferred any actual or apparent authority on the constables.

Chapter 33 of the Texas Civil Practice & Remedies Code allows a defendant to designate a responsible third party, defined as any person who allegedly "caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that

violates an applicable legal standard, or by any combination of these." Tex. Civ. Prac. & Rem. Code § 33.011(6). Under the statute, a responsible third party is one against whom the trier of fact may assess a percentage of responsibility for the damages allegedly incurred. Tex. Civ. Prac. & Rem. Code § 33.033(a).

In the complaint, plaintiff alleges that PennyMac is a "responsible third party" and claims it is responsible pursuant to section 33.011(6) for the actions of the constables. However, an entity cannot be both a named defendant and a responsible third party. Flack v. Hanke, 334 S.W.3d 251, 261-62 (Tex. App.--San Antonio 2010, pet. denied). Here, because PennyMac is a named defendant, it cannot also be a designated responsible third party under § 33.011(6). Hence, plaintiff fails to state a claim for relief pursuant to section 33.011.

Nor does the complaint allege any facts to support an assertion that PennyMac is vicariously liable for acts of the constables. Plaintiff relies on Miller v. Keyser, 90 S.W.3d 712, 716 (Tex. 2002), for the proposition that "a corporate agent acting in the course of his/her employment can be personally liable for violations he/she personally commits, even if the violations were not committed knowingly." Pl.'s Opp'n to PennyMac's Mot. to Dismiss Pl.'s Compl. ("Pl.'s Resp.") at 19. While this is generally a correct statement of the conclusions in

10

Miller, it fails to support plaintiff's argument that PennyMac is somehow liable for the constables' actions. Nothing in the complaint alleges any basis for imparting vicarious liability to PennyMac for the acts of the constables.[3]

    c.    <u>Claims Under Tex. Fin. Code Section 392.306</u>

Section 392.306 prohibits a creditor from using the services of a debt collector if the creditor "has actual knowledge that the independent debt collector repeatedly or continuously engages in acts or practices that are prohibited by [Chapter 392]." Tex. Fin. Code § 392.306. Absent from the complaint are any facts showing that PennyMac had actual knowledge, or any knowledge, that Barrett Daffin "repeatedly or continuously" violated the provisions of Chapter 392 of the Texas Finance Code. Accordingly, plaintiff has failed to state a claim for relief under section 392.306.

### III.

### Order

Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiff, Terrance Woods, against defendant PennyMac

---

[3] In his response, plaintiff mentions the liability of an agent of a corporation, "such as Mr. Helm." Pl.'s Resp. at 19. No mention is made in the complaint of anyone named "Mr. Helm," nor is there any party by that name.

11

in the above-captioned action be, and are hereby, dismissed with prejudice.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissal.

SIGNED February 12, 2014.

JOHN MCBRYDE
United States District Judge