U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 19 2014
CLERK, U.S. DISTRICT COURT
By_____
     Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TERRANCE WOODS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-957-A |
| | § | |
| DEPUTY CONSTABLE KEIFER OF | § | |
| TARRANT COUNTY, ET AL., | § | |
| | § | |
| Defendants. | § | |

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

Before the court for consideration and decision is the motion of defendant Deputy Constable Keifer of Tarrant County, Texas ("Keifer") for summary judgment. After having considered such motion, the response of plaintiff, Terrance Woods, thereto, the entire record of the above-captioned action, and pertinent legal authorities, the court has concluded that such motion should be granted, that all claims and causes of action asserted by plaintiff against Keifer should be dismissed, that Tarrant County, Texas ("County") should be deemed to be a defendant by virtue of plaintiff's claims against Keifer in his official capacity, as well as his individual capacity, and that there should be a dismissal, <u>sua sponte</u>, of all claims and causes of action deemed by plaintiff to have been asserted against County by reason of his action against Keifer in his official capacity.

I.

<u>Nature of Plaintiff's Complaint</u>

Boiled down to their essence, the allegations of plaintiff's complaint are that Keifer, as a deputy constable of County, wrongfully executed a writ of possession that had been issued by a County Court at Law of County directing any constable of the State of Texas to take possession of residential property owned or occupied by plaintiff at 2716 Gillespie Court, Grand Prairie, Texas 75052 and to deliver possession of the property to PennyMac Loan Services, LLC ("PennyMac"). As so often is true in cases of this sort, the allegations of the complaint are somewhat lacking in clarity. A more complete description of the allegations of the complaint is found on pages 2-3 of the Memorandum Opinion and Order issued in this action on February 12, 2014. Named as defendants were Keifer, PennyMac, Lauren E. Christoffel, Attorney ("Christoffel"), Barrett, Dappin, Frappier, Turner & Engel, LLC ("Law Firm") and John Does I-III. The court has issued prior orders and final judgments dismissing plaintiff's claims against PennyMac, Christoffel, Law Firm, and John Does I-III.

II.

Analysis

A.  Motion for Summary Judgment Standards

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).  The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id. at 323.

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case.  Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . .").  If the evidence identified could not lead

3

a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 597 (1986).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law. <u>Celotex Corp.</u>, 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. <u>Matsushita</u>, 475 U.S. at 597; <u>see also</u> <u>Boeing Co. v. Shipman</u>, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc) (explaining the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict).

B.  <u>The Election-of-Remedies Ground of Keifer's Motion</u>

Keifer asserts as one of the grounds of his motion that he is entitled to be dismissed from this suit based upon section 101.106(f) of the Texas Civil Practice & Remedies Code, which provides as follows:

> (f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against

4

the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

There might be a debate as to whether section 101.106(f) is applicable to this case inasmuch as plaintiff sued Keifer in his official capacity as well as his individual capacity. The naming by plaintiff of Keifer as a defendant in his official capacity was the equivalent of the naming by plaintiff of County as a defendant. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690 n.55 (1978); see also Turner v. Houma Mun. Fire and Police Civil Serv., 229 F.3d 478 (5th Cir. 2000); Goodman v. Harris County, 571 F.3d 388, 394 (5th Cir. 2009) (noting that a county is a governmental unit). The court is assuming, however, that the section has applicability to the extent that if a plaintiff who has sued a governmental employee in both capacities does not within the specified time file an amended pleading dismissing the individual capacity claim against the employee, that claim is subject to dismissal under section 101.106(f), leaving only the official capacity claim that is the equivalent of a suit against the governmental entity.

The Texas Supreme Court has held that for purposes of section 101.106(f) all common law tort theories alleged against a

governmental unit are assumed to be under the Texas Tort Claims Act. See Franka v. Velasquez, 332 S.W.3d 367, 369 (Tex. 2011); Mission Consol. Indep. Sch. Dist. v. Garcia, 253 S.W.3d 653, 659 (Tex. 2008). Keifer's motion for summary judgment was filed April 16, 2014. Although more than thirty days have elapsed since Keifer's motion was filed, plaintiff has not filed an amended pleading dismissing Keifer in his individual capacity. Therefore, Keifer is entitled to dismissal of the state law tort claims against him in his individual capacity pursuant to the provisions of section 101.106(f).

The provisions of sections 101.106(a) and (e) appear also to have become operative in this action. They read as follows:

> (a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.
>
> * * * * *
>
> (e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

By suing Keifer in his official capacity, plaintiff has, in effect, filed a suit against the governmental unit, County, thus making an irrevocable election immediately barring any suit or recovery by plaintiff against Keifer individually regarding the

6

same subject matter. Section 101.106(a), therefore, appears to provide basis for dismissal of plaintiff's state law tort claims against Keifer individually.

Section 101.106(e) appears to provide yet another basis for dismissal of plaintiff's state law tort claims against Keifer individually. By suing Keifer in both his individual and official capacities, plaintiff, in effect, sued the governmental unit and Keifer, individually, at the same time. The court knows of no reason why it cannot <u>sua sponte</u> accomplish the dismissal contemplated by section 101.106(e). Accordingly, the court is considering that section 101.106(e) provides an additional reason for dismissal of all of plaintiff's state law claims against Keifer.

The dismissal based on section 101.106 includes all of the state law tort claims brought by plaintiff against Keifer.

C. <u>Plaintiff's Claims Under the United States Constitution Are Without Merit</u>

Keifer asserts the qualified immunity defense as a ground of his motion. That defense, if meritorious, would defeat whatever claims plaintiff has asserted that Keifer violated his rights under the United States Constitution. When qualified immunity is invoked by a defendant, the burden is on the plaintiff to demonstrate inapplicability of the defense. <u>McClendon v. City of</u>

Columbia, 305 F.3d 314, 323 (5th Cir. 2002) (en banc). Here, plaintiff has adduced no summary judgment evidence that would raise an issue of fact that Keifer violated any of plaintiff's Constitutional rights, much less that any such right that was clearly established at the time. See Ashcroft v. al-Kidd, ___ U.S. ___, ___, 131 S. Ct. 2074, 2080 (2011). Moreover, the summary judgment evidence establishes conclusively, and as a matter of law, that an objectively reasonable constable, faced with the circumstances facing Keifer, would not have thought that his conduct violated any Constitutional right of plaintiff. Thus, neither of the two prongs of qualified immunity are put in issue by the summary judgment record. None of the summary judgment evidence suggests that the conduct of Keifer about which plaintiff complains was not objectively reasonable in light of clearly established law at the time. See Davis v. McKinney, 518 F.3d 304, 317 (5th Cir. 2008).

D.   <u>Plaintiff's Claims of Statutory Violations Against Keifer</u>

Some of the allegations of the complaint suggest that plaintiff is seeking to recover from Keifer based on alleged violation of Texas statutes. However, plaintiff has adduced no summary judgment evidence that would support any claim that Keifer violated any Texas statute, much less that Keifer did

anything that might be interpreted to be a statutory violation that caused any harm to plaintiff.

E. <u>Summary Judgment is Being Granted as to Plaintiff's Deemed Claims Against County</u>

As noted above, plaintiff, in effect, caused County to be a party to this action by suing Keifer in Keifer's official capacity as well as in his individual capacity. The court <u>sua sponte</u> has concluded that plaintiff's deemed claims against County should be dismissed.

Plaintiff has alleged no facts that would suggest any legal basis for liability against County by reason of any alleged violation of the United States Constitution. There is no suggestion in the complaint, or in the summary judgment record, that County had any custom, policy, or practice that led to any improper conduct on Keifer's part. Plaintiff's complaint is predicated in its entirety on conduct in which Keifer engaged pursuant to the lawfully issued writ of possession. The fact that Keifer made a mistake in the date he first used on his Final Notice to Vacate is not a basis for legal liability against Keifer, much less County.

Moreover, the election-of-remedies provision of section 101.106(b) of the Texas Civil Practice and Remedies Code would appear to be yet another reason why the claims plaintiff has

9

deemed to have made against County by reason of his suit against Keifer in Keifer's official capacity should be dismissed. The filing of the suit against Keifer in his official capacity constituted, according to section 101.106(b), an irrevocable election by plaintiff that immediately barred any suit or recovery by plaintiff against the governmental unit regarding the same subject matter. Thus, dismissal of all claims plaintiff is deemed to have made against County under state tort law are subject to dismissal by reason of plaintiff's election of remedies.

The court has decided to sua sponte dismiss the claims plaintiff is deemed to have made against County because the court cannot conceive of anything plaintiff could have put in the summary judgment record that would cause there to be an outcome as to County different from dismissal. Therefore, the court is dismissing all of plaintiff's deemed claims against County.

III.

Order

Consistent with the rulings expressed above,

The court ORDERS that all claims and causes of action asserted by plaintiff against Keifer be, and are hereby, dismissed and that all claims and causes of action deemed to have

been asserted by plaintiff against County be, and are hereby, dismissed.

    SIGNED May 19, 2014.

_____
JOHN McBRYDE
United States District Judge